IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
SYED NAWAB,                              No   C 08-05750 VRW

          Plaintiff,                          ORDER

     v

MARKEL INSURANCE COMPANY; and
DOES 1 to 5, inclusive,

          Defendant.
                                       /
```

On or about December 1, 2008, plaintiff commenced an action in superior court entitled <u>Syed Nawab v Markel Insurance Company</u>, case no RG08420587.  On December 24, 2008, plaintiff timely removed the action to this court on the basis of diversity jurisdiction pursuant to 28 USC section 1441(a).  Doc #1.  On January 21, 2009, plaintiff filed motion to remand the action to state court, arguing that the Markel did not and cannot establish that the amount in controversy exceeds $75,000 as required by 28 USC section 1332.  Doc #11.  This motion was withdrawn on March 31,

2009, when the parties stipulated to keep the case in federal court.  Doc #16.

It is well established that a "defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v Miles, Inc, 980 F2d 564, 566-67 (9th Cir 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id at 566.  There is a "strong presumption" against removal jurisdiction. Id.  Where the complaint does not specify a precise monetary amount, the court can also make its own independent appraisal of the value of the claim sua sponte.  See Valdez v Allstate Ins Co, 372 F3d 1115, 1116 (9th Cir 2004).

If the plaintiff's state court complaint does not specify a particular amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000 [now $75,000]." Sanchez v Monumental Life Insurance Co, 102 F3d 398, 404 (9th Cir 1996). To satisfy this burden, "the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount."  Id.

Plaintiff's motion to remand opened a can of worms that this type of stipulation cannot close.  The stipulation by the plaintiff to withdraw his motion for remand has no effect on whether this case is properly before the court.  The court therefore deems it appropriate to take a closer look at diversity jurisdiction in this matter, and in doing so makes the following observations.

//

2

First, plaintiff's complaint is silent on the amount in controversy. Doc #1, Exh A.

Second, after reviewing the register of actions in the state court action, the court is unable to conclude that the amount in controversy is significantly greater than the $23,853.26 Markel already paid to the plaintiff for reimbursement of legal fees. Doc #11 at 7.

Third, the letter dated February 8, 2008 sent by Jack D Eskridge ("Eskridge") to Markel (Doc #1, Exh B) may not reflect a reasonable estimate of the plaintiff's claims. See <u>Cohn v Petsmart, Inc</u>, 281 F3d 837, 840 (9th Cir 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). Although courts may rely upon settlement letters as evidence of the amount of controversy, see id at 840, the settlement value claimed in such letters may not reflect the precise value of the claim. As one district court has explained, "[i]n trying to settle a claim, counsel naturally will try to inflate its value." <u>Gwyn v Wal-Mart Stores, Inc</u>, 955 F Supp 44, 46 (MD NC 1997). The court is concerned that such "puffing" occurred here.

As an initial matter, the letter was sent on February 8, 2008, while the plaintiff's initial complaint was filed in state court on December 1, 2008. Doc #1, Exh B. In the intervening ten months, plaintiff may have gained a better grasp of the actual amount at issue. Eskridge's letter also noted that the process of identifying legal billings covered by the Markel's polices was still ongoing and "will consume more time than available to end

3

United States District Court
For the Northern District of California

this entirety of this matter." Id at 2.  It is unclear whether the information provided in the Eskridge letter was accurate or if so, remains up-to-date.  Secondly, Eskridge, who sent the letter, is not the plaintiff's attorney of record in this matter but rather an insurance attorney retained by the plaintiff for advice on how to handle insurance issues.  Doc #11 at 6, 9.  Plaintiff's counsel in this action may therefore see plaintiff's potential relief in a different light from Eskridge.  Plaintiff's counsel indicated as such in a declaration to this court that the letter was not a settlement demand.  Doc #11 at 9.  Finally, the letter offered to release "all claims arising from this lawsuit and counterclaims as well as any bad faith or tort claims".  Doc #1, Exh B at 2.  Since the proposed settlement amount of $125,000 includes the release of claims not named in the instant action, the letter's guidance on the actual amount in controversy is limited.  For these reasons, the Eskridge letter, standing alone, may not be plaintiff's reasonable estimate of the amount in controversy at the time the initial pleading was filed.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

**4**

In light of the above discussion, Markel is ORDERED to SHOW CAUSE in writing on or before October 30, 2009 why this case should not be remanded to state court for lack of diversity jurisdiction.  Failure to respond timely to this order shall be deemed grounds for remand.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge