IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYED NAWAB,                              No   C 08-05750 VRW

     Plaintiff,                        ORDER

     v

MARKEL INSURANCE COMPANY; and
DOES 1 to 5, inclusive,

     Defendant.
_____/

     In late 2008, plaintiff commenced an action in superior court entitled <u>Syed Nawab v Markel Insurance Company</u>, case no RG08420587.  On December 24, 2008, plaintiff timely removed the action to this court on the basis of diversity jurisdiction pursuant to 28 USC section 1441(a).  Doc #1.  On January 21, 2009, plaintiff filed motion to remand the action to state court, arguing that Markel did not and cannot establish that the amount in controversy exceeds $75,000 as required by 28 USC section 1332.  Doc #11.  This motion was withdrawn on March 31, 2009, when the

parties stipulated to keep the case in federal court.  Doc #16.

While a party may withdraw a motion to remand and indeed obtain a stipulation from an adversary to the withdrawal, parties cannot by stipulation confer jurisdiction on a federal court.  On October 26, 2009, this court ordered Markel to show cause why this case should not be remanded to state court for lack of diversity jurisdiction.  Doc #39.  Markel responded by asserting that plaintiff's claim against Markel for attorney's fees and costs amount to $322,392.40 at the time of removal.  Doc #40 at 5.  For reasons discussed below, the court moves sua sponte to REMAND the case to state court for lack of diversity jurisdiction.

I

Under 28 USC section 1332, this court has original jurisdiction over a civil action where the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  It is well established that a "defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v Miles, Inc, 980 F2d 564, 566-67 (9th Cir 1992).  There is a "strong presumption" against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id at 566.  Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  Guglielmino v McKee Foods Corp, 506 F3d 696, 699 (9th Cir 2007).  To satisfy its burden, "the

defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." Sanchez v Monumental Life Ins Co, 102 F3d 398, 404 (9th Cir 1996).

A defect in jurisdiction cannot be avoided by waiver or stipulation to submit to federal jurisdiction. Cripps v Life Ins Co of North America, 980 F2d 1261, 1264 (9th Cir 1992). The court has a duty to raise lack of subject matter or removal jurisdiction sua sponte even where the parties consent to federal jurisdiction. See 28 USC § 1447(c); Harris v Provident Life and Accident Ins Co, 26 F3d 930, 932 (9th Cir 1994). Where the court lacks the requisite jurisdiction, the entire case should be remanded to the state court. See Molnar v National Broadcasting Company, 231 F2d 684 (9th Cir 1956).

II

On the issue of diversity jurisdiction in this matter, this court makes the following observations.

First, plaintiff's first amended complaint (FAC) at the time of removal is silent on the amount in controversy. Doc #40-1, Exh E.

Second, after reviewing the register of actions in the state court action, the court is unable to conclude that the amount in controversy is significantly greater than the $23,853.26 Markel already paid to the plaintiff for reimbursement of legal fees. Doc #11 at 7.

Third, for the reasons stated in the order to show cause, Doc #39, the Eskridge letter, standing alone, does not represent plaintiff's reasonable estimate of the amount in controversy at the

3

time the initial pleading was filed. Doc #40-1 at 28-29. The letter was sent an entire ten months prior to commencement of the instant suit by an attorney who was not the plaintiff's attorney of record in this matter. Id. The letter also proposed a settlement amount of $125,000 for release of claims not named in the instant action. Id. This court therefore cannot rely on the Eskridge letter as definitive guidance on the actual amount in controversy.

Finally, Markel has failed to carry its burden to show that it is more likely than not that the amount in controversy exceeds $75,000. The figure of $322,392.40 cited by Markel as plaintiff's claim against Markel for policy benefits does not reflect the amount in controversy at the time of removal. Doc #40. Plaintiff's FAC asserts that Markel "breached the policy of insurance in that it failed and refused to provide plaintiff with a defense to the First or Second Amended Cross-Complaints in the underlying action." Doc #40-1 at 74. The FAC also acknowledges that Markel "agreed to provide a defense against the third amended cross-complaint." Id. The amount in controversy, though not explicitly stated in the FAC, should not include plaintiff's legal fees and costs prior to Sappal's first amended cross-complaint, filed in August 2005, or any fees and costs subsequent to Sappal's third amended cross-complaint, filed in May 2007. The amount cited by Markel includes total fees and cost incurred by plaintiff's lawyer from as early as 2004 until November 2007. See Doc ##40 at 4; 40-1 at 6. Based on such a gross overestimate of the actual attorneys fees and costs at issue, the court cannot determine that the amount in controversy is more likely than not over $75,000.

Markel further argues that the punitive damages claimed

**4**

in the FAC should count towards the amount in controversy. Doc #40 at 8.  It is well established that punitive damages are part of the amount in controversy in a civil action.  See <u>Bell v Preferred Life Assur Society</u>, 320 US 238, 240 (1943); <u>Gibson v Chrysler Corp</u>, 261 F3d 927, 945 (9th Cir 2001).  California allows for the recovery of punitive damages for breach of the fiduciary duty.  See Cal Civ Code § 3294(a) (allowing recovery of exemplary damages "for the breach of an obligation not arising from contract").

Plaintiff's FAC asserts punitive damages but fails to allege a reasonable damages estimate.  Doc #40-1 at 77.  It thus remains unclear whether the jurisdictional minimum would have been met even with these additional damages.  Although Markel examines the constitutional limits of punitive damages awards generally, Doc #40 at 8, such ratios between compensatory and punitive damages are of little evidentiary value where the compensatory damages are unclear.  Markel's burden of proof "cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages."  <u>Conrad Assocs v Hartford Accident & Indem Co</u>, 994 F Supp 1196, 1201 (ND Cal 1998).  Removal jurisdiction resting on such "questionable ground" is improper.  See <u>Chabner v United of Omaha Life Ins Co</u>, 225 F3d 1042, 1046 note 3 (9th Cir 2000); see also <u>Conrad Assocs</u>, 994 F Supp at 1201 ("It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past

5

against insurance companies.") (internal citation omitted).  As a result, Markel fails to carry its burden in showing by the preponderance of evidence that the indeterminate punitive damages combined with the indeterminate general damages would exceed $75,000.

Markel also points to plaintiff's plea for damages for intentional infliction of emotional distress in the FAC as a way to supplement the amount in controversy.  Doc ##40 at 7; 40-1 at 77.  As is the case with punitive damages, however, plaintiff fails to allege an exact amount of emotional distress damages sought.  Likewise, Markel fails to submit any reliable evidence to suggest that a potential award of emotional distress damages could sufficiently increase the amount in controversy to meet the jurisdictional requirement. See Conrad Assocs, 994 F Supp at 1201.

Markel cites Richmond v Allstate Ins Co, 897 F Supp 447 (SD Cal 1995) in support of its position that the amount in controversy is established despite plaintiff's vague pleading.  In Richmond, the court found that vagueness in the plaintiff's pleadings should not preclude the court from noting that damages are potentially substantial and thus able to satisfy the amount in controversy requirement.  Id at 449.  While that court found that absence of specifics did not preclude finding of jurisdiction, the relevant standard in the Ninth Circuit is whether given the absence of specifics and the record, is it more likely than not that the amount in controversy exceeds $75,000.  Sanchez, 102 F3d at 404.  The vagueness of damages sought in plaintiff's FAC is not sufficient to carry the burden of proof to satisfy diversity jurisdiction.

### III

In light of the above, the court hereby REMANDS the instant case to the Alameda County superior court for lack of diversity jurisdiction. The clerk shall transmit the papers accordingly and close the file.

IT IS SO ORDERED.

```
                                    VAUGHN R WALKER
                                    United States District Chief Judge
```